# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ROBERT L. TATUM,**
        **Plaintiff,**

    **v.**                          **Case No. 19-C-1588**

**SGT. THOMAS TRETTIN,**
        **Defendant.**

---

## DECISION AND ORDER

In 2011, while he was incarcerated, plaintiff Robert Tatum commenced an action in this court that was docketed as case 11-C-1131. The case was assigned to Judge Rudolph T. Randa, who permitted Tatum to proceed in forma pauperis under 28 U.S.C. § 1915. In the years that followed, the plaintiff incurred three "strikes" for purposes of § 1915(g), meaning that the plaintiff brought three federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* Order of Feb. 21, 2017 in Seventh Circuit Case No. 16-3974 (finding that plaintiff had incurred three strikes). Thus, as of the date on which the plaintiff incurred his third strike (February 12, 2016), the plaintiff lost the ability to bring an action or appeal in a federal court without prepaying the filing fee unless he was under imminent danger of serious physical injury.

In July 2016, case 11-C-1131 was reassigned to me. In an order dated February 15, 2019, I determined that the plaintiff had improperly joined dozens of unrelated claims against different parties, in violation of Federal Rule of Civil Procedure 20. I severed some of the misjoined claims into four separate actions. One of those actions is still pending as Case No. 11-C-1131. The present action is one of the actions that were

created following the severance. Because it is a new action, the plaintiff must pay a separate filing fee. *See Taylor v. Brown*, 787 F.3d 851, 853 (7th Cir. 2015). After I assessed the fee, the plaintiff filed a motion to proceed in forma pauperis. In this motion, the plaintiff recognizes that he has incurred three strikes, but he contends that he should be allowed to proceed in forma pauperis in this action even though he is not in imminent danger. He makes three arguments: (1) that I should read an equitable exception into § 1915(g); (2) that § 1915(g) is unconstitutional; and (3) that the courts that dismissed his prior actions or appeals as frivolous or for failure to state a claim erred in doing so.

In his first argument, the plaintiff contends that because he had not incurred three strikes in 2011, when he misjoined the claims in this action with those in Case 11-C-1131, as a matter of equity he should be allowed to proceed in forma pauperis now. However, to my knowledge, no court has recognized an equitable exception to § 1915(g). Moreover, the statute itself lists one exception—for prisoners in imminent danger of serious physical injury—and this implies that Congress did not intend to create others. But even if a court could create an equitable exception to § 1915(g), I would not do so here. Section 1915(g) contemplates that strikes incurred while a suit is pending can result in a plaintiff's losing the ability to obtain pauper status during later stages of the suit, even if the suit was commenced before three strikes were incurred. For example, a plaintiff who incurs a third strike in one civil action while a separate suit is pending in the district court will lose the ability to obtain pauper status in any future appeal from the district court's orders in the separate suit. This will be so even if the plaintiff was granted leave to proceed in forma pauperis in the district court before he

incurred the third strike. The circumstances of the present case are equitably no different than the circumstances in my example. In both circumstances, strikes that were incurred while the original action was pending deprive the plaintiff of the ability to obtain pauper status during later stages of the same case. Accordingly, I will not make an equitable exception to § 1915(g) here.

Next, the plaintiff contends that the three strikes provision of § 1915(g) is unconstitutional. However, the Seventh Circuit (along with every other circuit to have addressed the question) has concluded that § 1915(g) is constitutional. *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002). Here, the plaintiff makes a constitutional argument that was not explicitly addressed in *Lewis* or the other appellate cases, but the argument does not achieve a different result. The plaintiff contends that, to the extent § 1915(g) requires a court to impose a strike when it dismisses a suit for failure to state a claim upon which relief may be granted, rather than for being frivolous or malicious, it "chills" plaintiffs from bringing suits that raise novel, or "close call," legal issues. *See* ECF No. 8 at 2. The plaintiff suggests that a prisoner's fear of incurring a strike and later being precluded from obtaining pauper status may discourage him from filing the novel suit. The plaintiff contends that such a chilling effect would violate the First Amendment. However, under the First Amendment, chilling principles protect speech, not lawsuits. *See, e.g., Reno v. Am Civil Liberties Union*, 521 U.S. 844, 871–72 (1997). Nothing in the First Amendment suggests that Congress cannot pass a law that causes a prisoner to think twice before filing a lawsuit that, while not patently frivolous, nonetheless stands a good chance of being dismissed for failure to state a claim. Notably, a litigant has no constitutional entitlement to bring a lawsuit without prepaying

the filing fee, and the three strikes rule does not unconstitutionally burden a prisoner's access to the courts. *See Lewis*, 279 F.3d at 528–31. For these reasons, I conclude that § 1915(g) does not violate the Constitution by discouraging prisoners from bringing suits that, while not frivolous or malicious, are likely to be dismissed for failure to state a claim.

Finally, the plaintiff argues that § 1915(g) should not apply to him because the courts that dismissed the suits in which he incurred the strikes erred in dismissing those suits. However, § 1915(g) does not authorize courts to entertain collateral attacks on judgments in prior actions or appeals. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150–51 (9th Cir. 2019). To the extent the plaintiff believes the courts made errors in dismissing his prior cases or appeals, his remedy was to pursue whatever direct appeal rights he had remaining at the time the errors were committed.

In short, the plaintiff has incurred three strikes for purposes of § 1915(g) and is not in imminent danger of serious physical injury. Therefore, he cannot proceed in forma pauperis in this action and must prepay the full filing fee.

Accordingly, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that if the plaintiff does not pay the full filing fee to the Clerk of Court on or before **June 25, 2020**, I will enter an order dismissing this action for failure to pay the filing fee.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge